# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
WOODRICH, DANIEL ROBERT § Case No. 11-40989
WOODRICH, AFSHAN §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on           .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                  $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joseph A. Baldi, Trustee_____
                                         Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 11-40989 | JBS | Judge: Jack B. Schmetterer | Trustee Name: | Joseph A. Baldi, Trustee |
| --- | --- | --- | --- | --- | --- |
| Case Name: | WOODRICH, DANIEL ROBERT | | | Date Filed (f) or Converted (c): | 10/09/11 (f) |
| | WOODRICH, AFSHAN | | | 341(a) Meeting Date: | 11/10/11 |
| For Period Ending: | 11/10/12 | | | Claims Bar Date: | 04/09/12 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 714 Hanbury Drive, Unit 2-4, Des Plaines, Illinois | 200,000.00 | 0.00 | | 0.00 | FA |
| 2. cash | 40.00 | 0.00 | | 0.00 | FA |
| 3. Fifth Third checking | 419.00 | 0.00 | | 0.00 | FA |
| 4. World Equity Group Inc. account | 1,203.12 | 0.00 | | 0.00 | FA |
| 5. TCF Bank checking account | 3,000.00 | 0.00 | | 0.00 | FA |
| 6. Fifth Third Bank savings | 0.64 | 0.00 | | 0.00 | FA |
| 7. Fifth Third Bank savings | 0.24 | 0.00 | | 0.00 | FA |
| 8. Contents of 3 bedroom home Location: 714 Hanbury D | 1,500.00 | 0.00 | | 0.00 | FA |
| 9. personal photographs Location: 714 Hanbury Drive, | 0.00 | 0.00 | | 0.00 | FA |
| 10. Clothing | 200.00 | 0.00 | | 0.00 | FA |
| 11. clothing | 500.00 | 0.00 | | 0.00 | FA |
| 12. wedding band, wristwatch | 300.00 | 0.00 | | 0.00 | FA |
| 13. wedding band, engagement ring, earrings, bracelet | 800.00 | 0.00 | | 0.00 | FA |
| 14. World Equity Group Inc. individual retirement acco | 1,422.86 | 0.00 | | 0.00 | FA |
| 15. Advocate Pension and Retirement Savings Plans | 53,513.16 | 0.00 | | 0.00 | FA |
| 16. 100 percent ownership of Superior Business Corp. C | 0.00 | 0.00 | | 0.00 | FA |
| 17. W was defrauded out of $10,000 by Amjed Mahmood. | 0.00 | 0.00 | | 0.00 | FA |
| 18. Walmart | 200.00 | 0.00 | | 0.00 | FA |
| 19. Software purchased by debtor-husband for use in hi | 1,000.00 | 0.00 | | 0.00 | FA |
| 20. 2007 Nissan Quest | 13,000.00 | 2,400.00 | | 2,500.00 | FA |
| 21. 2002 Hyundai Sonata | 2,500.00 | 2,500.00 | | 2,500.00 | FA |
| 22. two computers, printer monitor | 200.00 | 0.00 | | 0.00 | FA |
| | | | | | Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $279,799.02 | $4,900.00 | | $5,000.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 11-40989   JBS   Judge: Jack B. Schmetterer | Trustee Name: Joseph A. Baldi, Trustee |
| Case Name: | WOODRICH, DANIEL ROBERT | Date Filed (f) or Converted (c): 10/09/11 (f) |
| | WOODRICH, AFSHAN | 341(a) Meeting Date: 11/10/11 |
| | | Claims Bar Date: 04/09/12 |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee negotiated with the Debtor's to purchase the equity in the vehicles; Sale of equity in vehicles approved by
Court on 3/15/12; reviewed claims filed

Initial Projected Date of Final Report (TFR): 09/30/12      Current Projected Date of Final Report (TFR): 09/30/12

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-40989 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|
| Case Name: | WOODRICH, DANIEL ROBERT | Bank Name: | Congressional Bank |
| | WOODRICH, AFSHAN | Account Number / CD #: | *******4166 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******3333 | | |
| For Period Ending: | 11/10/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | | 0.00 |
| 01/18/12 | 20 | DANIEL R. WOODRICH<br>714 Hanbury Drive<br>Des Plaines, IL 60016 | SALE PROCEEDS: VEHICLES | 1,250.00 | | | | | 1,250.00 |
| 02/07/12 | 001001 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | TRUSTEE BOND NO. 016026455 | | | 0.97 | | | 1,249.03 |
| 02/10/12 | 21 | DANIEL R. WOODRICH<br>714 Hanbury Drive<br>Des Plaines, IL 60016 | SALE PROCEEDS: VEHICLES | 1,250.00 | | | | | 2,499.03 |
| 03/19/12 | 20 | DANIEL R. WOODRICH<br>714 Hanbury Drive<br>Des Plaines, IL 60016 | SALE PROCEEDS: VEHICLES | 1,250.00 | | | | | 3,749.03 |
| 04/17/12 | 21 | DANIEL R. WOODRICH<br>714 Hanbury Drive<br>Des Plaines, IL 60016 | SALE PROCEEDS: VEHICLES | 1,250.00 | | | | | 4,999.03 |

| Account *******4166 | Balance Forward | 0.00 | | | |
|---|---|---|---|---|---|
| | 4 Deposits | 5,000.00 | | 1 Checks | 0.97 |
| | 0 Interest Postings | 0.00 | | 0 Adjustments Out | 0.00 |
| | | | | 0 Transfers Out | 0.00 |
| | Subtotal | $ 5,000.00 | | | |
| | | | | Total | $ 0.97 |
| | 0 Adjustments In | 0.00 | | | |
| | 0 Transfers In | 0.00 | | | |
| | Total | $ 5,000.00 | | | |

FORM 2

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 11-40989 -JBS | Trustee Name: | Joseph A. Baldi, Trustee |
| Case Name: | WOODRICH, DANIEL ROBERT | Bank Name: | Congressional Bank |
|  | WOODRICH, AFSHAN | Account Number / CD #: | *******4166  Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******3333 |  |  |
| For Period Ending: | 11/10/12 | Blanket Bond (per case limit): | $ 5,000,000.00 |
|  |  | Separate Bond (if applicable): |  |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Deposits ($) | Interest ($) | Checks ($) | Adjustments ($) | Transfers ($) | Account / CD Balance ($) |

Page 1

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: November 10, 2012

Case Number: 11-40989
Debtor Name: WOODRICH, DANIEL ROBERT

Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---:|---:|---:|
| 001 2100-00 | JOSEPH A. BALDI, as Trustee<br>19 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | Administrative | | $1,250.00 | $0.00 | $1,250.00 |
| 001 3110-00 | Baldi Berg & Wallace, Ltd.<br>19 S. LaSalle St.<br>Suite 1500<br>Chicago, IL 60603 | Administrative | | $1,108.50 | $0.00 | $1,108.50 |
| BOND 001 2300-00 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Administrative | | $0.97 | $0.97 | $0.00 |
| | Subtotal for Priority 001 | | | $2,359.47 | $0.97 | $2,358.50 |
| 000001 070 7100-90 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $13,758.75 | $0.00 | $13,758.75 |
| 000002 070 7100-90 | Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $15,056.17 | $0.00 | $15,056.17 |
| 000003 070 7100-90 | FIA CARD SERVICES, N.A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $14,826.10 | $0.00 | $14,826.10 |
| 000004 070 7100-90 | Capital One Bank (USA), N.A.<br>American InfoSource LP<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | (4-1) Modified on 02/16/2012 to correct creditor address filer notified MJ | $2,625.39 | $0.00 | $2,625.39 |
| | Subtotal for Priority 070 | | | $46,266.41 | $0.00 | $46,266.41 |
| | Case Totals: | | | $48,625.88 | $0.97 | $48,624.91 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-40989
Case Name: WOODRICH, DANIEL ROBERT
              WOODRICH, AFSHAN
Trustee Name: Joseph A. Baldi, Trustee

      Balance on hand                                                  $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg & Wallace, Ltd. | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |

      Total to be paid for chapter 7 administrative expenses        $_____
      Remaining Balance                                                                $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

      In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

      Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Chase Bank USA, N.A. PO Box 15145 Wilmington, DE 19850-5145 | $ | $ | $ |
| 000002 | Chase Bank USA, N.A. PO Box 15145 Wilmington, DE 19850-5145 | $ | $ | $ |
| 000003 | FIA CARD SERVICES, N.A. PO Box 15102 Wilmington, DE 19886-5102 | $ | $ | $ |
| 000004 | Capital One Bank (USA), N.A. American InfoSource LP PO Box 71083 Charlotte, NC 28272-1083 | $ | $ | $ |

Total to be paid to timely general unsecured creditors     $_____

Remaining Balance     $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE